

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
WESTERN DISTRICT
OF LOUISIANA
FILED

2002 JUL 30  P II: 27

OBERT H. SHEMWELL
CLERK
BY
DEPUTY

TOMMY K. CRYER,
Plaintiff

CASE NO.

MISC. 02 19

versus

JUDGE

The UNITED STATES
Defendant

MAGISTRATE

PETITION TO QUASH SUMMONS

NOW INTO COURT, through undersigned counsel, comes Tommy K. Cryer, a resident of

the full age of majority of Caddo Parish, Louisiana, who, with respect, represents:

1.

Made defendant herein is the United States.

2.

Pursuant to 26 U.S.C. §7609(a), Plaintiff herein is a person entitled to notice of a Third-Party

Summons issued by the Internal Revenue Service and has a right under 26 U.S.C. §7609(b)(2) to

bring a proceeding to quash such summons.

3.

This Court, pursuant to 26 U.S.C. §7609(h) has jurisdiction to hear and determine any

proceeding brought under 26 U.S.C. §7609(b)(2).

4.

In conjunction with an examination, on August 30, 2001, the Internal Revenue Service issued



a third party summons to Bank One for the production of Plaintiff's therein described bank records for seven years, being the periods of 12/31/93, 12/31/94, 12/31/95, 12/31/96, 12/31/97, 12/31/98, and 12/31/99. A copy of said Notice, Summons and Attachment is attached hereto as Exhibit "A".

5.

In conjunction with an examination, on August 30, 2001, the Internal Revenue Service issued a third party summons to Hibernia Bank for the production of Plaintiff's therein described bank records for seven years, being the periods of 12/31/93, 12/31/94, 12/31/95, 12/31/96, 12/31/97, 12/31/98, and 12/31/99. A copy of said Notice, Summons and Attachment is attached hereto as Exhibit "B".

6.

In conjunction with an examination, on August 30, 2001, the Internal Revenue Service issued a third party summons to Regions Bank for the production of Plaintiff's therein described bank records for seven years, being the periods of 12/31/93, 12/31/94, 12/31/95, 12/31/96, 12/31/97, 12/31/98, and 12/31/99. A copy of said Notice, Summons and Attachment is attached hereto as Exhibit "C".

7.

In conjunction with an examination, on October 5, 2001, the Internal Revenue Service issued a third party summons to Regions Bank for the production of Plaintiff's therein described bank records for seven years, being the periods of 12/31/93, 12/31/94, 12/31/95, 12/31/96, 12/31/97, 12/31/98, and 12/31/99. A copy of said Notice, Summons and Attachment is attached hereto as Exhibit "D".

8.

On July 10, 2002, the Internal Revenue Service, through the Criminal Investigation Division,

issued a third party summons to Bank One for the production of Plaintiff's therein described bank records for the periods of 12/31/97, 12/31/98, 12/31/99, 12/31/00, and 12/31/01 . A copy of said Notice, Summons and Attachment is attached hereto as Exhibit "E".

9.

On July 10, 2002, the Internal Revenue Service, through the Criminal Investigation Division, issued a third party summons to Hibernia Bank for the production of Plaintiff's therein described bank records for the periods of 12/31/97, 12/31/98, 12/31/99, 12/31/00, and 12/31/01 . A copy of said Notice, Summons and Attachment is attached hereto as Exhibit "F".

10.

On July 10, 2002, the Internal Revenue Service, through the Criminal Investigation Division, issued a third party summons to Regions Bank for the production of Plaintiff's therein described bank records for the periods of 12/31/97, 12/31/98, 12/31/99, 12/31/00, and 12/31/01 . A copy of said Notice, Summons and Attachment is attached hereto as Exhibit "G".

11.

Exhibits "E", "F" and "G", the last three summons issued are to banks that the IRS has already summoned Plaintiff's records from.

12.

As can be more fully seen from the Attachment to Exhibits "E", "F" and "G",the records described for the years that are included in the examination process are the same as those previously produced for the IRS pursuant to the summons attached hereto as Exhibits "A", "B", "C", and "D" in August and October of 2001,

13.

The IRS already has in its possession the bulk of information and documentation described

and summoned by the Summons attached hereto as Exhibits "E", "F" and "G". Said Summons are needless, useless and are not needed under the circumstances and subject Plaintiff to unnecessary examination and investigation and are prohibited by 26 U.S.C. §7605(b).

14.

Plaintiff is informed and believes and alleges on the basis of information and belief, that the IRS is now attempting to harass Plaintiff and deny Plaintiff his Fifth and Sixth Amendment due process rights for the following reasons:

15.

By letter of September 21, 2001 to the IRS, a copy attached hereto as Exhibit "H", Plaintiff requested, through counsel, to be present at the responses to the summonses (Exhibits "A", "B", "C", and "D"), to record the examinations and to cross-examine the witnesses summoned, which request was denied.

16.

Plaintiff made a timely request to the IRS for the IRS to seek technical advice from National Office regarding the due process procedural question, which was refused.

17.

Pursuant to the procedure set forth in 26 CFR 601.105(b)(5)(iv)(b), Plaintiff timely filed an appeal by the submission of a statement of facts, law and arguments with respect to the due process issue, a copy of which appeal is attached hereto as Exhibit "I".

18.

Plaintiff's appeal was subsequently denied by the IRS pursuant to an internal IRS procedure which is not in conformity with the applicable procedure set forth in 26 CFR 601.105, the lawfully promulgated regulation governing requests for technical advice.

19.

Plaintiff is informed and believes and alleges on the basis of information and belief, that the aforesaid summons dated July 10, 2002 (Exhibits "E", "F" and "G"), are an attempt by the IRS to utilize its Criminal Investigation Division to humiliate, threaten and harass Plaintiff and to "rehabilitate" documents and information originally procured pursuant to an administrative summons in a manner violative of due process, all in violation of Plaintiff's due process rights.

20.

Plaintiff shows that by letter dated July 19, 2002, from McNeese State University, attached hereto as Exhibit "J", he was informed that his "school records" have been summoned by the IRS.

21.

Plaintiff has not received a Form 2039 or any other official notice of this third party summons.

22.

Plaintiff shows that he last attended McNeese State University in 1970 and that any such records are of no value whatsoever to any investigation. Plaintiff is informed and believes and alleges on the basis of information and belief, that the aforesaid summons is an attempt by the IRS to utilize its Criminal Investigation Division to humiliate, threaten and harass Plaintiff.

23.

Plaintiff shows that on July 30, 2002, the U. S. Postal Service attempted delivery of a certified letter from Louisiana State University School of Law. Plaintiff is informed and believes and alleges on the basis of information and belief, that the purpose of the aforesaid certified letter is to inform him of an IRS summons of his school records.

24.

Plaintiff has not received a Form 2039 or any other official notice of this third party summons.

25.

Plaintiff shows that he last attended the Louisiana State University School of Law in 1973 and that any such records are of no value whatsoever to any investigation.  Plaintiff is informed and believes and alleges on the basis of information and belief, that the aforesaid summons is an attempt by the IRS to utilize its Criminal Investigation Division to humiliate, threaten and harass Plaintiff.

WHEREFORE Plaintiff prays that after all due proceedings that:

I.   That there be judgment rendered herein in favor of Plaintiff, Tommy K. Cryer, and against the United States, ordering the summons dated July 10, 2002, directed to Bank One, Hibernia National Bank, and Regions Bank, described herein and attached as Exhibits "E", "F" and "G" respectively, be quashed.

II.   That there be judgment rendered herein in favor of Plaintiff, Tommy K. Cryer, and against the United States, ordering any summons directed to McNeese State University for the production of Plaintiff's school records, be quashed.

III. That there be judgment rendered herein in favor of Plaintiff, Tommy K. Cryer, and against the United States, ordering any summons directed to the Louisiana State University School of Law for the production of Plaintiff's school records, be quashed.

IV.  That there be judgment rendered herein in favor of Plaintiff, Tommy K. Cryer, and against the United States, ordering the Unites States to pay all costs of these proceedings.

Respectfully submitted,

George E. Harp, La. Bar #6567

509 Marshall St., Ste. 219
Shreveport, Louisiana 71101
(318) 424 2003
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT  DIVISION

### NOTICE OF DOCUMENTATION NOT FILED IN RECORD

CASE# 5:02MC19

TOMMY K CRYER

   VS.

USA

ATTACHMENTS TO:

   DOCUMENT#:   1

   DESCRIPTION:  PETITION TO QUASH SUMMONS

   FILED BY:        TOMMY K CRYER

   FILE DATE:        7/30/02

HAVE BEEN PLACED IN AN ACCORDIAN FOLDER

Nancy Lundy
_____
DEPUTY CLERK